IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDRE KHING HOK THE, §<br>§<br>*Plaintiff,* §<br>§<br>vs. §<br>§ Civil Cause No. 5:22-cv-405<br>§<br>TRANSPORTATION COMMODITIES, §<br>INC., and TERRANCE TREAON §<br>FLEMMING, §<br>§<br>*Defendants.* § | |

**TRANSPORTATION COMMODITIES, INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Defendant, Transportation Commodities, Inc. (hereinafter "Defendant TCI") pursuant to 28 U.S.C. §1332, §1441 and §1446, files this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal, Defendant TCI respectfully shows the Court the following:

**I. Background**

1.  On March 14, 2022, Plaintiff Andre Khing Hok The filed his Original Petition styled *Andre King Hok The v. Transportation Commodities, Inc. and Terrance Treon Flemming* in the 224TH Judicial District Court of Bexar County, Texas, originally pending as Cause No. 2022-CI-04692.[1]

2.  Defendant TCI was served with Plaintiff's Original Petition on March 28, 2022. To date, Plaintiff has not carried out service of process on Defendant Terrance Treaon Flemming.

---

[1] *See* Ex. 5 – Plaintiffs' Original Petition.

3. Plaintiff claims that he suffered personal injuries due to a motor vehicle crash."[2]

4. This Notice of Removal is being filed within 30 days of service upon TCI and is therefore timely under 28 U.S.C. §1446(b). *See Murphy Bros. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 347-48 (1999) (notice of removal is timely under 28 U.S.C §1446(b) if filed within 30 days after service of the complaint).

5. This United States District Court for the Western District of Texas, San Antonio Division, is the district and division embracing the place where such action is pending. *See* 28 U.S.C. §103(4).

6. Defendant TCI, concurrently with the filing of this petition, has given written notice of the filing of this Notice of Removal to all parties of record and to the Clerk of the District Court in Bexar County, Texas.[3]

7. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders and other filings in the state court suit are attached to this Notice of Removal and are incorporated herein by reference.[4]

8. Defendant TCI expressly reserves the right to raise all defenses and objections to Plaintiff's claims or to otherwise plead after the action is removed to this Honorable Court.

## II.   Basis for Removal – Diversity Jurisdiction

9. This Court has jurisdiction based on 28 U.S.C. §1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

---

[2] *See* Ex. 5 – Plaintiffs' Original Petition at ¶6.1-6.2.
[3] *See* Ex. 1 – Defendants' Notice of Removal to Federal Court.
[4] *See* Exs. 1, 5.

**(a) Amount in Controversy**

10.     Plaintiff seeks recovery of damages in the form of monetary relief "in excess of $1,000,000.00."[5]  As such, the amount in controversy is greater than $75,000.00.  *See* 28 U.S.C. §1446(c)(2).

**(b) Diversity of Citizenship**

11.     Plaintiff has plead that he is a "resident of Navarre, Santa Rosa County, Florida."[6] Thus, he is a citizen of Florida.

12.     Plaintiff has plead incorrect jurisdictional facts relating to Defendant TCI's citizenship. Specifically, Plaintiff has alleged that Defendant TCI "is a California domestic for profit corporation doing business in the State of Texas."[7] Plaintiff further alleges that "Defendant TCI's principal office in the State of Texas is in Bexar County, Texas."[8] "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business."  28 U.S.C. §1332(c)(1). Defendant TCI is a foreign company incorporated under the laws of the State of California.[9] At the time of the incident that gives rise to this claim and continuing to the current date, Defendant TCI's principal place of business is in Commerce, California.[10] Defendant TCI does not maintain a principal place of business in the State of Texas.[11] Thus, for purposes of determining diversity jurisdiction, Defendant TCI is a citizen of the state of California and is not a citizen of the State of Texas.

---

[5] *See* Ex. 5 – Plaintiffs' Original Petition at ¶5.3.
[6] *Id*. at ¶2.1.
[7] *Id*. at ¶2.3.
[8] *Id*. at ¶5.1.
[9] Ex. 11 – Affidavit in Support of Removal.
[10] *Id*.
[11] *Id*.

15. Defendant Terrance Treaon Flemming is a resident and citizen of Texas. To date, Plaintiff has not carried out service of process on Defendant Flemming. Since Defendant Flemming has not been served, removal of this action to federal court is appropriate. *See Tex. Brine Co. v. AAA*, 955 F.3d 482 (5th Cir. 2020).

16. Because Plaintiff is a citizen of Florida and Defendant TCI was at the time of the incident that gives rise to this lawsuit and is currently a citizen of California, there is complete diversity among the parties. Furthermore, to date, Plaintiff has not carried out service of process on Defendant Terrance Treaon Flemming. Since complete diversity of citizenship exists and an amount in controversy in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. §1441(a).

### III. Jury Demand

17. Defendant Transportation Commodities, Inc. demands a jury on all triable issues pursuant to Federal Rules of Civil Procedure 38 and 81(c).

**WHEREFORE,** Defendant, Transportation Commodities, Inc. prays that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §1441, *et. seq.*, and grant all other relief to which it is justly entitled.

                                            Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 Telephone
(210) 341-3557 Facsimile

*/s/ Joseph G. Peña*
**JOSEPH G. PEÑA**
State Bar No. 24052898
jpena@raylaw.com
*Attorney for Defendant,*
*Transportation Commodities, Inc.*

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I, Joseph G. Peña, certify that on this **25th** day of **April**, **2022**, a true and correct copy of the foregoing document filed electronically with the clerk of the Court in accordance with the Federal Rules of Civil Procedure, is served on the party or attorney electronically pursuant to the Federal Rules of Civil Procedure, or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to the Federal Rules of Civil Procedure.

The following parties or attorney(s) are served with the foregoing document:

***VIA E-FILE &/OR EMAIL***
Bryan D. Pope
Larry F. Taylor
THE COCHRAN LAW FIRM – DALLAS, PLLC
3400 Carlisle Street, Suite 550
Dallas, Texas 75204
(214) 651-4260
(214) 651-4261 Fax
E-mail: bpope@cochrantexas.com
E-mail: ltaylor@cochrantexas.com
E-Service: twickstrom@cochrantexas.com
*Attorneys for Plaintiff*

                                              /*s/ Joseph G. Peña*
                                              Joseph G. Peña

## **Exhibit Index**

**Exhibit 1** – Defendants' Notice to Adverse Party of Removal to Federal Court

**Exhibit 2** – Civil Cover Sheet

**Exhibit 3** – Supplement to JS 44 Civil Cover Sheet

**Exhibit 4 –** State Docket Sheet

**Exhibit 5** – Plaintiff's Original Petition, Request for Jury Trial and Notice Regarding Initial Disclosures.

**Exhibit 6** – Citation of Service to Transportation Commodities, Inc.

**Exhibit 7** – Defendant Transportation Commodities, Inc. Original Answer

**Exhibit 8** – Notification of Service for Defendant Transportation Commodities, Inc.'s original Answer

**Exhibit 9** – List of All Counsel of Record

**Exhibit 10** – Consent of Removal

**Exhibit 11** – Affidavit in Support of Removal